UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WILLIAM D. COOK,**

      **Petitioner,**

                              Case No. 8:13-Cv-3026-T-24TGW
                                      8:05-Cr-404-T-24TGW

**UNITED STATES OF AMERICA,**

      **Respondent.**

_____/

**O R D E R**

This cause comes on for consideration of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv-D-1; Cr-D-112).

By way of background, on November 6, 2006, Petitioner pled guilty to Count Four of an Indictment alleging distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The Court sentenced Petitioner to a term of imprisonment of 235 months to be followed by a five-year term of supervised release. Petitioner appealed. On August 1, 2007, the Eleventh Circuit affirmed his sentence. Cook v. United States, 230 Fed. Appx. 948 (11th Cir. 2007) (per curiam).

Petitioner filed his first § 2255 motion seeking to correct his sentence on January 14, 2010. Petitioner argued that he was innocent of the career offender enhancement pursuant to U.S.S.G. § 4B1.1. Petitioner also claimed that his counsel rendered ineffective assistance in failing to argue at sentencing that

Petitioner's manslaughter conviction did not constitute a crime of violence for purposes of the career offender enhancement.

By order dated November 9, 2011, the Court found Petitioner's § 2255 was untimely.  (Case No. 8:10-cv-252-T-24TGW, D-16.) Petitioner did not appeal.  Nearly two years later, Petitioner filed his second § 2255 motion once again attacking his career offender designation.

A federal prisoner who previously filed a § 2255 motion to vacate, set aside, or correct a sentence must apply for and receive permission from the court of appeals before filing a second or successive motion in the district court.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h); <u>Darby v. Hawk-Sawyer</u>, 405 F.3d 942, 944-45 (11th Cir. 2005) (per curiam).  Petitioner has not demonstrated that he has met the foregoing requirement.  Thus, the Court lacks jurisdiction to consider Petitioner's claims under § 2255.

It is therefore ORDERED that:

1)   Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (CV-D-1; Cr-D-112)) is DISMISSED for lack of jurisdiction.

2)   The Clerk is directed to close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u> DENIED**

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a motion to

vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). <u>Id.</u> "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." <u>Id.</u> at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u> 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal <u>in forma pauperis</u>.

DONE AND ORDERED at Tampa, Florida this 10th day of December, 2013.

*[signature]*
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE

3